UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **J.C. WHITNEY & CO., a Delaware corporation, d/b/a CarParts.com,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 08-cv-03565** |
| **vs.** | ) | |
| | ) | **Judge Samuel Der-Yeghiayan** |
| **U.S. AUTO PARTS NETWORK, INC., a Delaware corporation,** | ) | **Magistrate Judge Nolan** |
| **Defendant.** | ) | |

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF U.S. AUTO PARTS NETWORK, INC.**

Defendant, U.S.Auto Parts Network, Inc., by and through its undersigned counsel, answers Plaintiff's Complaint in this action as follows:

***PARTIES***

1. Plaintiff, J.C. Whitney, d/b/a CarParts.com, is a Delaware corporation, with its principal place of business located at 111 E. Wacker Drive, Suite 3000, Chicago, Illinois 60611. J.C. Whitney is engaged in the business of: providing on-line retailing and wholesale distributorship services, retail store services, catalog mail order services and telephone order services, all in the field of automotive parts, supplies, tools and accessories, as well as providing information, via a website on a global computer network, on automotive parts, supplies, tools and accessories for sale.

**Answer:** U.S. Auto Parts lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Upon information and belief, Defendant, U.S. Auto Parts Network, Inc., is a Delaware corporation engaged in a business similar to and competing with J.C. Whitney, with its principal place of business located at 17150 South Margay Avenue, Carson, CA 90746.

**Answer:** U.S. Auto Parts admits that it is a Delaware corporation with its principal place of business located at 17150 South Margay Avenue, Carson, CA 90746. U.S. Auto

Parts lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Upon information and belief, Car Parts Wholesale is a wholly-owned subsidiary of Defendant, with its principal place of business located at 68902 National Road, Quaker City, OH 43773.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

## *JURISDICTION*

4. This Court has jurisdiction over the parties and this controversy as this is a civil action under the United States Trademark Act (15 U.S.C. § 1051 et seq.), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Jurisdiction for the Illinois state claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in that state law claims form part of the same controversy as the claims arising unde the trademark laws of the United States.

**Answer:** U.S. Auto Parts admits that this Court has jurisdiction over the parties and this controversy. The remainder of Paragraph 4 of Plaintiff's Complaint are recitations of the law that require no response.

5. Venue is proper pursuant to 28 U.S.C. §1391.

**Answer:** U.S. Auto Parts admits the allegation set forth in Paragraph 5 of Plaintiff's Complaint.

6. Upon information and belief, Defendant is and has been conducting continuous and systematic business and has committed torts within the State of Illinois and within the Northern District of Illinois, at least some of the events giving rise to the claims alleged herein occurred in the State of Illinois and within the Northern District of Illinois, and Defendant's actions are intentional and knowingly directed to J.C. Whitney, which Defendant knows to be located in Illinois.

**Answer:** U.S. Auto Parts admits that it has been conducting business in the State of Illinios and within the Northern District of Illinois and that some of Plaintiff's allegations involve conduct that may impact parties within this District. U.S. Auto Parts denies the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

### *FACTUAL ALLEGATIONS COMMON TO ALL COUNTS*

7. J.C. Whitney, by and through its predecessor-in-interest, Carparts.com, Inc., began adopting and using the following tradenames, service marks, logos, titles and slogans: CARPARTS.COM, CARPARTS, the CARPARTS.COM logo, and the CARPARTS logo ("the Marks"), at least as early as April of 1999, in connection with its high quality services throughout the United States and worldwide. Sample uses of the Marks by J.C. Whitney are attached hereto as Group Exhibit A and made a part hereof.

**Answer:** U.S. Auto Parts lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. J.C. Whitney's CARPARTS.COM logo and CARPARTS logos are depicted below:







**Answer:** U.S. Auto Parts lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. J.C. Whitney's services have been widely advertised, extensively offered and sold under the Marks throughout the United States and worldwide and the Marks have become, through widespread use and favorable public acceptance and recognition, famous Marks and assets of substantial valueas symbols of J.C. Whitney, its quality services and its goodwill.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint that "the Marks have become, through widespread use and favorable public acceptance and recognition, famous Marks and assets of substantial value as symbols of J.C. Whitney, its quality services and its goodwill." U.S. Auto Parts lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. The Marks are inherently distinctive and/or they have acquired secondary meaning, associating them exclusively with J.C. Whitney.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. In recognition of the inherent distinctiveness and exclusive rights of use, on October 23, 2001, the United States Patent and Trademark Office granted Carparts.com, Inc. Registration No. 2,499,880 for the CARPARTS.COM logo in connection with "online store services provided via a global computer network featuring automotive parts and accessories." A copy of the Certificate of Registration is attached hereto as Exhibit B and made a part hereof.

**Answer:** U.S. Auto Parts admits that Exhibit B is a copy of a Certificate of Registration. U.S. Auto Parts denies the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Registration No. 2,499,880 and common law rights to use the Marks were assigned to J.C. Whitney by Carparts.com, Inc. on November 25, 2002. A copy of the Trademark Assignment Abstract of Title is attached hereto as Exhibit C and made a part hereof.

**Answer:** U.S. Auto Parts lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of Paragraph 12 of Plaintiff's Complaint. U.S. Auto Parts admits that Exhibit C is a copy of a Trademark Assignment Abstract of Title.

13. Trademark Registration No. 2,499,880 remains in full force and effect and has become incontestable, and the certificate of registration thereof constitutes "conclusive evidence" of "the validity of the registered mark, of the registrant's ownership of the marks and of the registrant's exclusive right to use the marks in connection with the goods or services specified in the registration" 15 U.S.C. § 1115.

**Answer:** U.S. Auto Parts admits that Registration No. 2,499,880 is currently in effect and denies the remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. As a result of J.C. Whitney's, and its predecessor-in-interest, Carparts.com, Inc.'s, investment of efforts, money, skill and other resources, the Marks are widely recognized as indicating J.C. Whitney's services, and have become well-recognized and famous in the United States and worldwide.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. J. C.Whitney owns the domain name carparts.com and jcwhitney.com, which are used in connection with operating websites located at www.carparts.com and www.jcwhitney.com, and which display the Marks throughout the United States and worldwide.

**Answer:** U.S. Auto Parts lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

***DEFENDANT'S INFRINGING ACTS***

16. Without authorization from J.C. Whitney, Defendant has improperly positioned its www.autopartswarehouse.com website as a Sponsored Link, or the like, in various search engines, such as Google, by purchasing search terms which incorporate the CARPARTS.COM Mark, to generate interest in Defendant's www.autopartswarehouse.com website which competes with J.C. Whitney's business, including its operating websites located at www.carparts.com and www.jcwhitney.com. A copy of a print-out of results of Google searches illustrating Defendant's advertisements is attached hereto as Group Exhibit D and made a part hereof.

**Answer:** U.S. Auto Parts denies the allegations set forth in the first sentence of Paragraph 16 of Plaintiff's Complaint. U.S. Auto Parts lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 16 of Plaintiff's Complaint.

17. J.C. Whitney's CARPARTS.COM Mark appears in the text of Defendant's ads itself.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. The practice of purchasing search terms which incorporate J.C. Whitney's CARPARTS.COM Mark for the improper purpose of manipulating a search engine's results list will likely cause confusion or mistake on the part of consumers and the public at large as to the source of Defendant's services and J.C. Whitney's services, or sponsorship or approval by J.C. Whitney of Defendant's services, or affiliation between J.C. Whitney and Defendant.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Such confusion could lead to substantial damage to J.C. Whitney in terms not only of loss of sales, but, perhaps worse, injury to its reputation in the event that Defendant's services are not commensurate with those of J.C. Whitney.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Upon information and belief, without authorization from J.C. Whitney, Defendant has also been using one or more of the logo Marks to generate interest in its www.carpartswholesale.com website and its eBay store which competes with J.C. Whitney's business including its operating websites located at www.carparts.com and www.jcwhitney.com. A copy of a print-outs from Defendant's eBay store illustrating Defendant's use of the logo Marks is attached hereto as Group Exhibit E and made a part hereof.

**Answer:** U.S. Auto Parts denies the allegations set forth in the first sentence of Paragraph 20 of Plaintiff's Complaint. U.S. Auto Parts lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 16 of Plaintiff's Complaint.

21. Copies of images captured on Defendant's eBay store illustrating Defendant's use of the logo Marks on eBay are also depicted below:







**Answer:** U.S. Auto Parts admits that the two designs depicted in Paragraph 21 of Plaintiff's Complaint appear to be of images that were at one time available on U.S. Auto Parts' eBay store. U.S. Auto Parts lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. By this conduct, including its advertising activities and unauthorized uses of the Marks, Defendant misappropriated J.C. Whitney's advertising ideas and style of doing business and infringed J.C. Whitney's tradenames, service marks, logos, titles and slogans.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. The injuries and damages that J.C. Whitney sustained were directly and proximately caused by Defendant's wrongful misappropriation of J.C. Whitney's advertising ideas and style of doing business and infringement of J.C. Whitney's tradenames, service marks, logos, titles and slogans.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Despite repeated notice and demands by J.C. Whitney and its counsel beginning in January of 2008, Defendant continued and continues to improperly use and display one or more of the Marks.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

**COUNT I**

**(Federal Trademark Infringement (15 U.S.C. § 1114))**

25. J.C. Whitney repeats and realleges the allegations of paragraphs 1 through 24, inclusive above, as paragraph 25.

**Answer:** U.S. Auto Parts repeats and realleges the responses of paragraphs 1 through 24, set forth above.

26. Defendant's uses of logos are confusingly similar to the registered CARPARTS.COM logo.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendant's aforesaid acts are likely to cause confusion, mistake or deception as to the source of the parties' services. Specifically, Defendant's use of one or more logos confusingly similar to J.C. Whitney's registered Mark is causing and will continue to cause the consuming public to mistakenly believe that Defendant's services are legitimately connected with, sponsored by or approved by J.C. Whitney's.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendant's aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, and the common law of Illinois.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendant has willfully and deliberately infringed and sought to appropriate to itself the good will associated with the registered Mark by advertising and transacting business in competition with J.C. Whitney's services.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendant's acts and actions are likely to cause confusion, mistake and deception as to the source, origin or sponsorship of Defendant's services.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendant's aforesaid acts are greatly and irreparably damaging to J.C. Whitney and will continue to damage J.C. Whitney until enjoined by this Court, wherefore J.C. Whitney is without adequate remedy at law.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. J.C. Whitney requests a trial by jury.

**Answer:** Paragraph 32 is a jury demand which requires no response. To the extent a response is required, U.S. Auto Parts also requests a trial by jury on all issues so triable.

**COUNT II**

**(False Advertising and Unfair Competition in Violation of the Federal Tracemark Act of 1946, 15 U.S.C. 1051, et seq.)**

33. J.C. Whitney repeats and realleges the allegations of paragraphs 1 through 32, inclusive above, as paragraph 33.

**Answer:** U.S. Auto Parts repeats and realleges the responses of paragraphs 1 through 32, set forth above.

34. At all times herein there was in full force and effect in the federal statute known as the Federal Trademark Act of 1946, 15 U.S.C. 1051, et seq. (the"Lanham Act"), which provides, in pertinent part:

*§1125. False designations of origin, false descriptions, and dilution forbidden*

*(a) Civil action*

*(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.*

15 U.S.C. 1125(a)(1).

**Answer:** U.S. Auto Parts admits that at all times herein the Federal Trademark Act of 1946 was in full force and effect and admits that a portion has been quoted in Paragraph 34.

35. Defendant has violated the Lanham Act in one or more of the following:

a. falsely advertised by using marks confusingly similar to J.C. Whitney's Marks so as to cause confusion as to the source of the services being provided;

b. falsely advertised by using marks confusingly similar to J.C. Whitney's Marks so as to cause confusion, misunderstanding or to deceive the public as to the source or sponsorship of Defendant's services;

c. passed off Defendant's services as those of J.C. Whitney;

d. falsely inferred that the designations of the services advertised were those of J.C. Whitney or that J.C. Whitney was affiliated with Defendant;

e. falsely inferred that the designation of the services advertised were approved, sponsored or affiliated with J.C. Whitney's operation;

f. caused likelihood of confusion or of misunderstanding as to source, sponsorship, or approval of Defendant's service;

g. caused likelihood of confusion or of misunderstanding as to Defendant's affiliation, connection or association with J.C. Whitney; and

h. used, adopted, and displayed colors, designs, shapes, patterns, presentation and overall appearance confusingly similar to J.C. Whitney's logos.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. Defendant's acts did deceive or had the tendency to deceive consumers seeking J.C. Whitney and J.C. Whitney's services.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Defendant's deception was material in that it was likely to influence, and did influence those seeking J.C. Whitney 's services to use Defendant's services under the guise or belief that the services were those of J.C. Whitney or affiliated with J.C. Whitney.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38. Defendant's acts and actions did cause false statements to enter interstate commerce.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. J.C. Whitney has been harmed and injured as a result of the acts and actions of the Defendant.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. The actions of the Defendant in violating the Lanham Act were willful and wanton warranting the award of exemplary damages and attorneys' fees.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41. J.C. Whitney requests a trial by jury.

**Answer:** Paragraph 41 is a jury demand which requires no response. To the extent a response is required, U.S. Auto Parts also requests a trial by jury on all issues so triable.

**COUNT III**

**(Violation of Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, et seq.)**

42. J.C. Whitney repeats and realleges the allegations of paragraphs 1 through 41, inclusive above, as paragraph 42.

**Answer:** U.S. Auto Parts repeats and realleges the responses of paragraphs 1 through 41, set forth above.

43. At all times herein there was in full force and effect a statute in the State of Illinois known as the Uniform DeceptiveTrade Practices Act, 815 ILCS 510/1, et seq. (the "Deceptive Trade Practices Act"), which provides, in pertinent part:

*§2. Deceptive trade practices*

*(a) A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, the person:*

*(1) passes off goods or services as those of another;*

*(2) causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;*

*(3) causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another...*

*(b) In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties or actual confusion or misunderstanding...*

*§3. A person likely to be damaged by a deceptive trade practice of another may be granted injunctive relief upon terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive is not required...Costs or attorneys' fees or both may be assessed against a defendant only if the court finds that he has willfully engaged in a deceptive trade practice...*

815 ILCS 510/2,3.

**Answer:** U.S. Auto Parts admits that at all times herein the Deceptive Trade Practices Act was in full force and effect and admits that a portion has been quoted in Paragraph 43.

44. Defendant has violated the Deceptive Trade Practices Act in one or more of the following:

a. using and operating under marks confusingly similar to the Marks.

b. using, adopting and displaying colors, designs, shapes, patterns, presentation and overall appearance confusingly similar to the Marks.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. In so doing, Defendant has: (1) passed off Defendant's service as J.C. Whitney 's; (2) caused likelihood of confusion or of misunderstanding as to source, sponsorship, approval or certification of Defendant's service; and (3) caused likelihood of confusion or of misunderstanding as to Defendant's affiliation, connection or association with or certification by J.C. Whitney.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. J.C. Whitney has been and will continue to be irreparably harmed by Defendant's continued and ongoing violations of the Deceptive Trade Practices Act, in that the Defendant is misappropriating and continue to misappropriate the Marks and the good will associated with the Marks.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47. J.C. Whitney has no adequate legal remedy for the loss of business, confusion and misunderstanding on the part of its customers, and harm to its reputation, that will continue to result from Defendant's continuing and ongoing violations of the Deceptive Trade Practices Act.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. The actions of the Defendant are in violation of the Deceptive Business Practices Act and were willful and wanton. Accordingly, under Section 3 of the Deceptive Business Practices Act, American Taxi [sic] is entitled to recover its costs and reasonable attorneys' fees.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49. J.C. Whitney requests a trial by jury.

**Answer:** Paragraph 49 is a jury demand which requires no response. To the extent a response is required, U.S. Auto Parts also requests a trial by jury on all issues so triable.

**COUNT IV**

**(Violation of the Consumer Fraud and Deceptive Business Practices Act)**

50. J.C. Whitney repeats and realleges the allegations of paragraphs 1 through 49, inclusive above, as paragraph 50.

**Answer:** U.S. Auto Parts repeats and realleges the responses of paragraphs 1 through 49, set forth above.

51. At all times herein there was in full force and effect in the State of Illinois a statute known as the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. (the "Consumer Fraud Act"), which provides, in pertinent part:

> *§ 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to...the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby ...* 815 ILCS 505/2.

**Answer:** U.S. Auto Parts admits that at all times herein the Consumer Fraud Act was in full force and effect and admits that a portion has been quoted in Paragraph 51.

52. The actions of the Defendant, by way of their violation of the Deceptive Trade Practices Act constitute continuing and ongoing violations of the Consumer Fraud Act.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53. Sections 10a(a) and (c)of the Consumer Fraud Act provide that any party injured by virtue of any violation of the Consumer Fraud Act may maintain an action for damages and/or injunctive relief.

**Answer:** Paragraph 53 sets forth a legal conclusion for which no response is required, and further U.S. Auto Parts denies that it has violated the Consumer Fraud Act and that Plaintiff has been injured.

54. J.C. Whitney has been and will continue to be irreparably harmed by the Defendant's continued and ongoing violations of the Consumer Fraud Act, in that the Defendant

is misappropriating and continues to misappropriate the Marks and the good will associated with the Marks.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

55. J.C. Whitney has no adequate legal remedy for the loss of business, confusion and misunderstanding on the part of its customers, and harm to its reputation, that will continue to result from the Defendant's continuing and ongoing violations of the Consumer Fraud Act.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56. Defendant's violations of the Consumer Fraud Act were willful and wanton, warranting the imposition of exemplary damages.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 56 of Plaintiff's Complaint.

57. Under Section 10a(c) of the Consumer Fraud Act, J.C. Whitney is entitled to recover its costs and reasonable attorneys' fees.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

58. J.C. Whitney requests a trial by jury.

**Answer:** Paragraph 58 is a jury demand which requires no response. To the extent a response is required, U.S. Auto Parts also requests a trial by jury on all issues so triable.

**COUNT V**

**(Common Law Unfair Competition)**

59. J.C. Whitney repeats and realleges the allegations of paragraphs 1 through 49, inclusive above, as paragraph 59.

**Answer:** U.S. Auto Parts repeats and realleges the responses of paragraphs 1 through 58, set forth above.

60. Defendant is unfairly competing by using, displaying and operating under one or more marks identical to the Marks.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61. J.C. Whitney has been and will continue to be irreparably harmed by the Defendant's continued use of the Marks, or any similar marks, in that the Defendant is misappropriating and continues to misappropriate the Marks and the good will associated with the Marks.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62. J.C. Whitney has no adequate legal remedy for the dilution, loss of business, confusion and misunderstanding on the part of its customers, and harm to its reputation, that will continue to result from the Defendant's continued use the Marks or similar marks.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63. The actions of the Defendant as described above constitute actionable unfair competition under the common law of the State of Illinois.

**Answer:** U.S. Auto Parts denies the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

64. J.C. Whitney requests a trial by jury.

**Answer:** Paragraph 64 is a jury demand which requires no response. To the extent a response is required, U.S. Auto Parts also requests a trial by jury on all issues so triable.

To the extent not specifically admitted, U.S. Auto Parts denies the allegations of Plaintiff's Complaint and further specifically denies that Plaintiff is entitled to any of the relief requested in its various prayers for relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of laches.

3. Plaintiff is estopped from enforcing, and has waived its right to enforce, its rights, if any, in the marks identified in Paragraph 7 of the Complaint ("Plaintiff's Marks") by failing to police potentially infringing use of marks similar to Plaintiff's Marks.

4. The Marks Plaintiff has asserted are neither valid nor enforceable trademarks.

5. Plaintiff's Marks are generic or merely descriptive, not entitling them to any trademark protection.

6. Plaintiff has not used the allegedly infringing phrase as a trademark, but rather as a description of its services.

7. Plaintiff's claims are barred by the doctrine of unclean hands.

8. Upon information and belief, U.S. Auto Parts' use of the phrase "Car Parts" preceded Plaintiff's use and/or application, entitling U.S. Auto Parts to continue to use the phrase "Car Parts."

9. U.S. Auto Parts has not used any trademark as a keyword.

10. Plaintiff's claims are barred by the doctrines of acquiescence, estoppel and waiver.

11. At all times relevant, U.S. Auto Parts has acted in good faith and is therefore immune from liability and damages.

12. Defendant reserves the right to assert additional affirmative defenses as discovery proceeds.

**COUNTERCLAIM**

1. This Court has jurisdiction over U.S. Auto Part's counterclaim pursuant to 28 U.S.C. § 1331.

2. Plaintiff alleges that it owns the trademark CARPARTS.COM in connection with "online store services via a global computer network featuring automotive parts and accessories," (the "CARPARTS.COM Mark"), which mark is registered on the Principal Register of the United States Patent and Trademark Office at Registration No. 2,499,880.

3. Plaintiff's predecessor-in-interest, Carparts.Com, Inc., obtained a registration for the CARPARTS.COM Mark on October 23, 2001 and upon information and belief that mark was eventually assigned to Plaintiff.

4. Although Plaintiff obtained the CARPARTS.COM Mark over five years ago, the Mark has not become incontestable. Notwithstanding the fact that a registration has been granted, it was granted improvidently, subjecting the mark to cancellation because the Mark is generic and/or is merely descriptive of Plaintiff's services and the goods that Plaintiff sells.

5. Plaintiff's CARPARTS.COM Mark is generic and/or merely descriptive as it is a common term used to identify and/or describe the types of products sold by Plaintiff.. It does not

and cannot serve as a source identifier of goods or services as it does not function to identify the origin of Plaintiff's goods or services, nor does the term "Car Parts" or ".com" function to distinguish Plaintiff's goods or services from the goods or services offered by others.

6. Marks that are generic and/or merely descriptive are subject to cancellation.

7. Upon information and belief, Plaintiff has been aware of U.S. Auto Part's website for several years, including significant time before the five year anniversary of the registration of the CARPARTS.COM Mark. Upon information and belief, nevertheless, Plaintiff delayed in asserting a claim based on the registration of the CARPARTS.COM Mark against U.S. Auto Parts until after the five year anniversary of the registration, in an attempt to argue that the Mark is not subject to cancellation due to being merely descriptive. Plaintiff's conduct, however, bars such an argument.

**COUNTERCLAIM I**

**(Declaratory Judgment under 28 U.S.C. § 2201)**

8. U.S. Auto Parts incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

9. No incontestable right shall be acquired in a mark, or any part thereof, which is the generic name for the goods or services for which it is registered.

10. No incontestable right shall be acquired in a mark which is merely descriptive of the nature of the goods.

11. An actual controversy exists between the parties as to the validity of the registration of Plaintiff's CARPARTS.COM Mark due to the generic and descriptive nature of the Mark.

12. Pursuant to 28 U.S.C. § 2201, U.S. Auto Parts is entitled to a declaration that Plaintiff's CARPARTS.COM Mark should be cancelled as it is generic and/or merely descriptive in nature.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant U.S. Auto Parts respectfully requests that the Court:

1. Enter an Order declaring that Plaintiff's CARPARTS.COM Mark should be cancelled and further directing the Director of the United States Patent and Trademark Office to cancel the mark.

2. Granting such further relief as the Court deems just and proper.

Dated: August 6, 2008

Respectfully submitted,

*/s/ Kelly Smith-Haley*

Martin B. Carroll
Kelly Smith-Haley
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Ph: (312) 224-1200
Fax: (312) 224-1201
Email: mcarroll@fhslc.com

Gregory S. Tamkin
**DORSEY & WHITNEY LLP**
370 17th Street, Suite 4700
Denver, CO 80202-5647
Telephone: (303) 629-3400
Fax: (303) 629-3450
Email: tamkin.greg@dorsey.com

*Attorneys for Defendant,*
*U.S. Auto Parts Network, Inc.*